All right, Mr. Stone. Good morning, Your Honors, and may it please the Court, Eric Stone for appellants. I'd like to reserve three minutes of time for rebuttal, if I may. All right, you'll have to watch the lights and keep up with your own time. I will do that, Your Honor, and thank you. The St. Louis County Police Department has a formal written policy allowing its officers, in order to further their without the approval of detached and neutral magistrate. That policy violates the Fourth Amendment, and the county is liable under Monell, even if each wanted is supported by probable cause, and even if this Court were to find that the individual officers are entitled to immunity. Are they arrest warrants, or are they the equivalent of Old West wanted posters? That's an interesting question, Your Honor. They are the functional equivalent of arrest warrants, in that the person is taken into custody. I think the Old West wanted poster raises a question as to which of the citizenry were allowed to take people into custody at the time, and a variety of issues not presented here certainly take the point. But the idea behind these orders, and this is undisputed, is that where a St. Louis County police officer wants to interview a suspect, he or she can issue an order that allows any other officer, not only in St. Louis County, not only in St. Louis City, but across the border in Illinois, in several counties, and elsewhere in Missouri, to take that person into custody so that they can be questioned by the issuing officer. And I think that's actually where the wanted system runs afoul of both Gerstein and Riverside. But those aren't these cases. These cases, there was actually suspicion that Torres and Furlow had committed a criminal acts. Well, yes, Your Honor. I want to parse that in a couple of different ways. It is the contention of the other side that there was probable cause. We dispute that. But even if there were, I think Your Honor is right that they were taken into custody to complete an investigation about something that didn't start from scratch. It's not as if Officer Detective Clemens woke up one morning and said, Torres, why not? She was investigating what she Mr. Torres. However, what both Gerstein and Riverside in this court's opinion in Davis teach us is that if you arrest somebody without a warrant based on probable cause, you have to then begin immediately the steps incident to arrest to bring them before a court. What Gerstein teaches us in footnote 12 is that the heart of the Fourth Amendment, I'm quoting, that's not my phrase, the heart of the Fourth Amendment is that when someone is arrested it represents a and a judge who decides is that probable cause. The undisputed testimony of every witness in this case, officer, lieutenant, detective, 30 v. 6 witness, individual witness, is that wanteds are issued as an investigatory tool so that someone can be brought down to the station house or to the Justice Center to be questioned before they decide whether to follow the steps incident to arrest to bring that person before a magistrate judge. Well, the reason why I'm asking this and comparing to the old West Wanted posters is I just wonder whether there's a pattern of practice of doing this for literally the entire pendency of the American nation, right, all the way back to the founding, which is to say that those post office wanted posters I'm sure involve taking people into custody. You see him in a nearby town, Billy the Kid or whatever, you take him into custody, you put him in the county jail overnight so that he could see a magistrate in the morning. And if that's been our pattern of practice for 200 years, why should this be any different? Why is this unconstitutional now? I respectfully submit for at least two reasons. One, there is no record evidence that that's been the pattern in practice. The record evidence is that the only place this happens in the country is here and in fact the Justice Department's investigation of Ferguson said this seems to be an end-run around the warrant requirement. But the other answer to that question I think equally valid is that most of that history is before Gerstein and before Riverside and before the Supreme Court told us that you can't do that. So whether it may have been okay in 1812, I don't know the answer to, but I do know it's not okay now. And so the holding of the Supreme Court is that you may not take a person into custody to interrogate whether you have enough evidence. In fact, that's what happened in Riverside. Riverside, I should point out, is a section 1983 case just like this one, challenging the municipality's practice as to how it takes people before judges. In that issue, in that case, my recollection is it took three days and the question was, was that too long? Missouri has a statute that it can't take longer than 24 hours, but this court has said repeatedly that that's a shield to protect defendants, not a sword to say you can take people in custody and hold them for 24 hours. If you take, for example, the deceased and therefore non-appellant Mr. Weiner, he was taken into custody and it took the officer one question to discover he had the wrong person because the four rims of the cars wouldn't fit in the BMW 328. What this court held in Davis following on Riverside is you can't take someone into custody in order to investigate them. What the wanted system then does is makes that even worse because in every case the appellant, the appellee's site, forgive me, you're talking about an individual arrest by an individual officer who himself has probable cause. What's going on in the wanted system is that the arrests are made by people who have no idea what the basis for the arrest is and if I am driving down the road and I don't have license plates or my taillight doesn't work or I'm speeding or whatever happens and the officers run a search on me, if there is a warrant for my arrest from Delaware, the officers serving that warrant and I as a citizen know that a that is now going to cause me to be taken into some police station and held until I'm extradited. This is the only place we know of in the country where that can happen where a police officer issues an order by which some other officer can take someone into custody so the first police officer can come question them as opposed to so they can then be arraigned, charged and criminally prosecuted. Okay. The news reported this morning that the FBI has identified a person of interest in the subway shooting yesterday. What's the difference? I can only assume that if a law enforcement agency encounters that person in view of the FBI's notification that they're going to take him into custody. What's the difference in what and you see that you see the person of interest identification all the time? All the time. So what's the difference? Exigency, your honor, there is no dispute that where there is a person on the run who was accused of shooting six people in the subway station that that person can be taken into custody for all of the reasons that exigency is an exception to the warrant requirement but the record evidence in this case is that 15,000 wanted were issued for every crime in the book. The vast majority of which don't raise questions of exigency or public safety. I'm not disputing that the police can't arrest somebody who shot a bunch of people in a subway station. Of course they can. Yeah and it seems to me that if we look at that we're looking at there's kind of two categories to general exigency and then there's hot pursuit cases. Yes. You know I observed Smith committing a crime. He gets away from me. I tell other officers Smith's driving a car. He's been identified. I observed the crime and while they're in hot pursuit someone can make that stop and I think nobody's looking at that and says that's a problem. The question really as I see it is that once you've got you know thousands of these things that are months old that there's no longer any pursuit. The probable cause may be stale. They may have been otherwise cleared as is the case of at least one person here right? Yes. I mean at the end of the day how long is long enough and I guess that's not a question for you but it just seems to me that to whatever what our wanted posters have whatever wanted's have in this sense that at some point they have to have a you know kind of a sell-by date right? And in this case it seems like there's just like Let me get back to this because I'm pontificating here. The real question is how can it possibly be correct that somebody's sitting in a neighborhood and they're an officer and they decide I'm going to now decide if there are any wanted's for anyone who might be around this neighborhood. They could be months old for reasons unexplained and that may have now been stale. How can I mean what would be the exigent circumstances there? What would be the reason that that would be appropriate consistent with the warrant required? It will surprise your honor not at all to hear that I think there is you can't. I think that there is a difference between warrants on the other hand in that circumstance. A police officer driving through a neighborhood can look to see whether a judge has asked to have someone brought into court. Now if you've got probable cause you try it in front of a neutral magistrate they sign the warrant no problem ever right? I mean we get that but but the real question is what is this wanted? Well I agreed your honor. The the answer is what it is is a desire to avoid doing legwork. There is no question that any one of these officers can go question the person. What they cannot do is say to someone else who is a police officer I think I have a good enough reason if you run into this person bring them into custody and then I'll come question them. No municipality allows that other than here and the answer to that is it's an end run around the warrant required. But isn't there isn't there something called the collective knowledge doctrine and it allows an officer to basically attributes an officer's knowledge to other officers and it arises in this context and then you have Hensley which I think is really a collective knowledge case. How do you how do you deal with those cases in that general concept? So let me take them if I can in that order I don't know that Hensley is a collective knowledge case. Let me separate them. What this court said in Robinson in the collective action or collective cases is quote when multiple officers are involved in an investigation. That is not what's happening here. Mr. Furlow was taken into custody because he didn't have plates on his car and just because this is an in clarity in the record he did. They were in the front window not in the back because in Illinois when you get a new car the plates in the front. He was pulled over for not having a back license plate. It's a legitimate traffic stop but he wasn't driving without plates. The person who is doing that knows nothing about Mr. Furlow or his domestic issues with his girlfriend. So there's no collective action at all. And I think in a roll call in a precinct in the morning could one officer say to her colleague I'm looking for this person. That's not this case. This case is the formalizing of orders by which officers with no collective knowledge then serve the warrant. As to Hensley, what's going on in Hensley is that the police issue a wanted bulletin that says if you see Mr. Hensley stop him and arrest him. And the holding of the court is and one version of the bulletin implies there was a warrant and that's a disputed issue in the case. What the Supreme Court holds is that that bulletin is reason enough to conduct a Terry stop. You can stop the person and say who are you and ask all the questions you're allowed that they don't have to answer. Hensley then goes on to say we are not condoning the parts of the bulletin that would violate the Fourth Amendment. The only part of the bulletin they're not conducting what that means is the arrest him part. I should say however had there been probable cause in Hensley, I think Hensley would actually answer the question in this case and hold that the wanteds are unconstitutional. What they would be saying is one officer's assessment of probable cause is not enough to allow someone else. But what's the difference between reasonable suspicion and probable cause? So they allow the stop for reasonable suspicion. They do not, you're saying that the probable cause is somehow different even if the initial officer had probable cause. Not good enough if a later officer arrests. I apologize your honor. I didn't mean to say that. I said what I meant to that question open. But I think the difference, to answer your honor's question, is the difference between having an officer say hey I'd like to ask you some questions and finding myself in custody. There's a seizure where I'm taken into court. That's the difference. I see that I'm into my rebuttal time. Unless the court has questions I'd like to reserve what I have left. Thank you. Good morning. May it please the court. Counsel? Yes. My name is Frank Smith. I'm an associate county counselor with St. Louis County Counselor's Office. Can I start with where Judge Strauss just ended? This difference being a reasonable suspicion and probable cause. Seems to me that in my mind that the anything that you can reasonably articulate a suspicion that a crime is afoot and that this person might be involved in that crime is just that, a reasonable suspicion. And on reasonable suspicion an officer may make reasonable inquiry. But I know of no reason that you can seize them, drive them to the courthouse or to the jail, hold them for up to 24 hours to talk to them. Can you do that based on reasonable suspicion under Terry? I believe so. I think in this situation. Does that happen routinely? I think in this situation what you had here was Mr. Furlow was pulled over for not having his tags viewable. And then the police officer ran his name and saw that there was a wanted for him. That wanted was based on probable cause. That was found out. There's no warrant right? So how do we know there's probable cause? Well based on the deposition testimony of the doesn't in the real world don't we get warrants because then before you get arrested somebody's already decided there is a you know probable cause to believe that a crime has been committed and you are the person who committed that crime. And this officer is not a magistrate. Yes but under Missouri law a police officer can make a warrantless arrest if he has reasonable grounds to believe that a crime has been committed. And so it's reasonable just because somebody else says so. If they have probable cause. If you look at the collective knowledge doctrine what you really have is three guys working the same case and they've shared some information and then they effectuate the rest. Collective knowledge may also be where you've given a direction to an officer who has a person in their sight and then they are the agent of the person with knowledge. But in this case you know there's no agency relationship established. It's just a piece of paper filed months ago that says yeah we want to talk. Yeah but I don't see the really the the distinction if that a judge had issued a warrant for that person's arrest. Well yeah there's a distinction. One's issued by a neutral and detached magistrate. The other ones you know is an investigating officer with skin in the game. Yeah but it's also but that investigative officer has based that on probable cause and based on the St. Louis County's practice of issuing wanteds. Well should we let them arrest anybody any time any place? Why do we need magistrates at all? Well you know if that specific jurisdiction decides to have a magistrate in order to do an independent evaluation of the evidence that's fine. St. Louis County isn't the only jurisdiction to issue wanteds. You know as I said before Missouri law allows police officers to make arrests without warrants. They apparently have no end date so they never become stale? No they do have end dates. They usually will expire in the system depending on the the alleged transgression or alleged crime that was been committed. It's a pretty you know I think that one of the things about this is it's even if if you're right constitutionally it's a pretty risky proposition. Which is to say that when you go to a neutral magistrate you can invoke things like the good faith exception. You can obviously make the magistrate told you told you can make the arrest. When you're relying on a wanted even if there is probable cause the probable cause could be stale. The probable cause could be wrong. You have no access to the good faith exception. So at the very least you would agree this is a pretty risky way to conduct business and in you know the state state law enforcement community. Yes it has its bar here. I think the issuance of wants it's for mr. furlough and mr. Torres were were adequate as far as trying to make sure that a crime was committed or not committed in order to in order to see that justice had been served. But I have a problem with Torres. I got to be honest with you furlough less so. Torres if you're gonna so collective knowledge actually extends to people and even in other agencies as well. And so one of the things that I'm confounded by is the another agency says oh no he's this was completely fabricated fabricated testimony by the daughter. That happened several weeks before that Clements made the the arrest or whoever made the arrest. And so don't we have a problem because collectively even assuming Hensley and everything else the probable cause was gone by that point. Well I think in that situation you have to look at detective Clements subjective belief on whether or not there was probable cause. And I think in the situation that she was confounded with with her telephone conversation with the mother of the child as well as her viewing of the forensic interview of the child. I think she still believed that there was probable cause that a crime had been committed. However I think like you said you know it later came on that some of the allegations were fabricated. But I think under the qualified immunity doctrine you have to look at whether or not her subjective belief was reasonable based on the information that she had before her. No I think that's fair. I think on qualified immunity grounds that may be that may be a way to go. But I think on the pure constitutional violation I have a hard time saying we can ignore what the Department of Social Services knew. When in fact in Missouri and this is this is documented those two are supposed to work together. The detective in the investigation the detective and the caseworker are supposed to work together. So I don't think we can ignore what the caseworker knew. And I think there were extraordinary circumstances at that time. I think detective Clements would have done some more follow-up but at that time you had some of the disturbances due to the the unrest with regards to some of the the court's findings in other cases here and the disturbances in Ferguson where detective Clements was had to go on 12-hour shifts in order to protect the community in those situations. I think in normal circumstances she would have probably done some more follow-up with respect to the family of division services and at the time the extraordinary circumstances prevented her from doing that. Counsel can you can you clear up two things for me please. Number one is it true that the the general order or the policy the written policy that permits these these wanted documents to be to be issued does not require the existence of probable cause? No, no. In order for wanted to be issued by a San Luis County police officer they must have determined that there has been probable cause. For what probable cause? Probable cause that a crime has been committed or is being committed in the eyes of the officer. But but not well the probable cause I'm talking about is probable cause to believe that the subject of the wanted committed the crime. Yes, yes. So like in this situation and with Furlow officer Parton had probable cause based on his investigation and interviewing the victim of the assault and larceny as well as a 16 year old witness to the to the confrontation that Mr. Furlow had with his neighbor and therefore based on those statements witness statements and interviews and canvassing of the neighborhood he came to the conclusion that there had been there was probable cause that Mr. Furlow had assaulted and stole the cellular phone of the of his neighbor. With respect to officer Walsh his and during his as a result of his investigation he had and where he has spoken with Mrs. Mrs. Furlow based on her statements emotional state as well as a loaded AR-15 in the home he had come to the conclusion that there was probable cause that Mr. Furlow had assaulted and and and battered his wife and therefore there was probable cause for domestic violence. If they had not reached that conclusion they would not have issued the wanted. Well what's what's what step is saved I mean if there's probable cause why not why not I guess I'm asking what's the purpose of this policy if it requires probable cause that the subject has committed a crime I mean why not take it before a judge? Well I think in a perfect world that that probably would be the best thing to do by far would be a best practice I think that falls short from being it from the practice being unconstitutional. There's no exigent circumstances since they're hanging around for months and nobody's acting on them. There's no description in the wanted as to what the probable cause is. I mean you could solve this problem if you just said we believe A, B, C, D are true all ten point towards the fact that this person has committed a crime we believe there's probable cause arrest them for that then at least the arresting officer has some reason to believe that they know what's going on I mean all they know now is is that arrest Smith, Smith's committed a crime of domestic violence that's all they know and so you know they can't tell the guy anything when they arrest them they can't give any reasonable information to the person's lawyer if they have one who contacts them it's just nothing and it looks to me like in reading the record leading the briefs that the only reason this exists is because the prosecutor said I just don't want to give a probable cause established in warrants until I've had a chance to interview the person and hear both sides of the story well I mean you're inconveniencing somebody by arresting them dragging them off holding them for up to a day just so the prosecutor can't do their job figure out whether or not there's probable cause and talk to a neutral magistrate. I understand the your honors your your point of view on that I guess I think that that still falls short of being it Why? especially pursuant to Missouri law which states that the police officer can make an arrest without a warrant if they believe that the offender had violated the ordinance or crime or statute so I think it what what basis does the guy I mean I get if this is the person who took the original complaint and issued the wanted and they arrest them because they have knowledge you know what real reason what reasonable basis does the officer have to believe that they're actually is probable cause when there's no description of it other than arrest Smith for domestic violence well I think there's a little bit more information into in the one it's then just arrest X Y or Z because of this I think you know in order for the ones it's to even be issued I think you have to go through a certain the St. Louis County police officers go through certain steps in order to make sure they go through steps the supervisor does it then they tell the dispatcher right but you still have somebody on the street arresting people with absolutely no knowledge of what happened other than they said arrest Smith and and that's what I said earlier I think in that situation if you put yourself in the shoes of that arresting officer there isn't much but the difference from doesn't protect the arresting officer it's like the warrant requirement protects the person who's having their body seized I understand that but I think as you said in the arresting officer not having knowledge I think that's why I said there's a slight distinction I don't see that much of a distinction between that and a warrant being issued by a magistrate judge if a police officer pulls somebody over for expired tags and they run the person's name through the computer system and they find out there's been a there's a wanted for this person I mean a warrant for arrest they don't know all the grounds that go on they know there's a warrant signed by a neutral magistrate not something decided by a police officer who you know the public may not really trust all that much I understand it but also that police officer knows that if this wanted it's been issued it's been issued based on probable cause do we know that and I want to get back to judge Shepard's question because it concerns me you heard opposing counsel say this is investigative as well so you have a witness right who sees a bank robbery and would there ever be an occasion under Missouri law where a wanted could be issued for an eyewitness to a crime rather than the person who committed the bank robbery for example no because the unless there was probable cause that the eyewitness was also part of the crime no you have to have probable cause that a crime has been committed before they want to buy that person yes by that person by that eyewitness would not have a wanted issued for their arrest because there would be no probable cause that he or she committed the crime of robbery so I think I think that's really the bottom line here is these aren't just okay the police officers we want to talk to this person and they have you know either asserted their right to counsel or they refuse to be tough so we're going to go ahead and send it issue a wanted to get them in our custody so we can interview them no probable cause has already been established if you can see in these situations the officers wanted to talk to mr. furlough and mr. Torres to get their side of the story because all they have is allegations that they committed these crimes and they did not do that and so they were have probable cause at that point to issue a wanted for the rest in the first instance when mr. furlough he was as soon as he was taken into custody he was issued a summons for assault and larceny the second time he was released right around 24 hours because it was a domestic violence situation which the Missouri Supreme Court has held that you in in accordance with the Missouri law that you shall discharge an arrestee of a warrantless arrest within 24 hours has shown that you can hold them up to that in certain situations which domestic violence would be part of those exceptions I see that my time is up I would just ask the court to hereby affirm the district courts grant a summary judgment to the appellees on counts one two and three of the appellants first amended complaint thank you thank you counsel counsel go ahead and take take three minutes to conclude I appreciate that let me start by addressing the Missouri law that my friend cited about the right of an officer to arrest what that statute says is that an officer may arrest on view a suspect whom the officer has probable cause to believe has committed a crime or has witnessed committing a crime it begins with the it's exactly what's wrong with the wanted system the officers who were arrested mr. furlough while driving his car and mr. liner and mr. Torres didn't have probable cause to arrest the person on view someone else did that that's what's wrong judge Erickson you asked the question of whether you can arrest someone on a Terry stop the answer is no you also made the comment and forgive me that you're inconveniencing the person by taking them into custody you certainly are but I want to make an additional point every single person whom this court has ever interviewed to be a law clerk me when I was a law clerk we're asked have you ever been arrested being arrested is not only an inconvenience you're right it's a life-changing event there is a reason we require arrest warrants before we take somebody into custody judge Shepard you asked whether the policy requires probable cause it does now it was amended in 2015 it is the position of the county that it has always required that they just forgot to write it down but as of 2015 those words are in the policy is is it I think council said that this is not specific to st. Louis and that other other municipalities or governmental entities in elsewhere in Missouri utilize a similar policy is that is that your understanding um yes your honor it's a bit you know convenient the county of st. Louis the city of st. Louis the municipality of Ferguson a number of the municipalities in this localized area do it but I think it is interesting that the policy itself and just for the court's convenience the policy in its current version is at page a 37 to 41 of the record well is there is there state law that authorizes this we contend there is not the only state law they've ever cited is that an officer may arrest on view and that you can't hold someone for more than 24 hours neither of those authorizes this and in fact you can't enter a wanted into the statewide mules system or into the national national NCIC system unless it is for less than because other jurisdictions won't serve these which I think says something about the constitutionality of them recognizing I'm out of time I want to make another quick point judge stress you're exactly right even if officer Clements were individually immune that doesn't change the fact that the policy is unconstitutional and in holding that immunity of the individual defendants would eclipse Monell liability the district court simply flat-out erred in light of this course on that point don't we have to conclude because that's a facial challenge don't we have to conclude that the policy is unconstitutional in all of its applications I think the policy is unconstitutional in all of that's fair but I but I do think if the court were to find that the individual class members might there might have been probable cause for one two or perhaps even three of them I think that's a question that goes to the merits of the trial we need to have it's not a reason to affirm the district courts conclusion was that if the individual officers are wrong as a matter of law and then finally I heard a request to affirm as to count three count three was never litigated below entry of summary judgment on count three was also an error of law and that I have one more finally I think I heard my adversary to say that it would be best practice if a municipality chose to have magistrates review probable cause determinations with the greatest respect it's not best practices it's the Fourth Amendment we have a right to have a magistrate judge decide whether there is probable cause to have you arrested and with that I'm out of time and I'm grateful to your honors thank you thank you thank you counsel the case is submitted and the court will render a decision in due course please call our next case